## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RENATE ALDRIDGE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 09-2178-CM-KGS** |
| **ALERITAS CAPITAL CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiffs' Motion for Leave to File Second Amended

Complaint and Memorandum in Support (Doc. 75). For the reasons that follow, the court grants the

motion in part, and denies it in part.

### I.     Factual and Procedural Background

As set out in more detail in this court's Memorandum and Order dated August 12, 2009,

(Doc. 74), plaintiffs are 127 individuals and businesses who purchased insurance agencies from

Brooke Capital. Defendant Aleritas lent money to each of the plaintiff individuals and businesses

for their purchases. Both Brooke Capital and Aleritas are subsidiaries of the Brooke Corporation,

which is comprised of a group of related companies ("the Brooke entities") that operated an

insurance agency franchise business.  Plaintiffs assert that they were defrauded by the Brooke

entities. Plaintiffs originally filed suit against Aleritas, alleging fraud, fraud in the inducement,

negligent misrepresentation, and violation of the Racketeering and Corrupt Influences Act

("RICO"), 18 U.S.C. § 1962(a) and (d). Aleritas is the only Brooke entity that has not filed for

bankruptcy, and is the only Brooke entity named as a defendant in this case. Aleritas has sold,

assigned, or otherwise transferred plaintiffs' loans and any interests it retained in plaintiffs' loans to

various banks and lending institutions.  These banks and lending institutions have been attempting to collect on the loans.  Plaintiffs filed a Motion for Preliminary Injunction to "enjoin any efforts to collect these loan payments and plaintiffs' commissions, directly or indirectly, by any entities." (Doc. 7.)

At a hearing on May 6, 2009, this court granted Aleritas's motion to strike and denied as moot the requested injunction, because such an order would be unenforceable against the third-party banks under Rule 65 because they were not parties and had not received notice.

Plaintiffs then filed a First Amended Complaint (Doc. 23), naming Fifth Third Bank ("Fifth Third"); DZ Bank AG Deutsche Zentral Genossenschaftsbank ("DZ Bank"); The Bank of New York Mellon ("BNYM"), in its capacity as Trustee; Bayerische Hypo- und Vereinsbank, AG, New York Branch ("HVB"); First State Bank of Gothenburg, Nebraska ("FSB"); and NCMIC Finance Corporation ("NCMIC") (collectively, "the banks") as defendants.        To the claims against Aleritas set out in the original complaint, plaintiffs added a tortious interference with contract claim against the banks, and asserted that the banks were liable for Aleritas's tortious acts as assignees of the loans, or on an agency theory.

Plaintiffs renewed their motion for preliminary injunction.  (Doc. 25.)

With the exception of FSB, all defendants, rather than responding to plaintiffs' motion for preliminary injunction, filed a Joint Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 28).  Defendants argued that plaintiffs' complaint must be dismissed for failing to meet the following rules: Federal Rule of Civil Procedure 8 (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); Federal Rule of Civil Procedure 9(b) (requiring that claims alleging fraud, including claims arising under RICO, be pleaded with particularity); Federal

Rule of Civil Procedure 12(b)(6) (authorizing dismissal for failure to state a claim upon which relief can be granted); and Federal Rule of Civil Procedure 12(b)(1) (authorizing dismissal for lack of subject matter jurisdiction).  FSB filed its own motion to dismiss, (Doc. 48), for the same reasons as set out in the joint motion.

On August 12, 2009, this court issued an order granting defendants' motions to dismiss (Docs. 28, 48); denying the remaining motions as moot (Docs.  25, 30, 51); dismissing the banks from the case; and granting plaintiffs thirty days within which to seek leave to replead their common law fraud and civil RICO claims.

After setting out a detailed factual history, the court evaluated the claims set out in plaintiffs' complaint and found that, as to the claims of common law fraud and civil RICO violations, the complaint failed to meet the particularity requirements of Rule 9(b) because it did not contain specific factual allegations against the named defendants.

The court dismissed plaintiffs' claim of negligent misrepresentation pursuant to Fed R. Civ. P. 12(b)(6), finding that it was supported only by conclusory allegations of misrepresentations, and even assuming their truth, the allegations did not link any misrepresentations to defendant Aleritas.

The court also rejected plaintiffs' allegations of vicarious liability claims against the banks, reasoning that (1) the banks' status as assignees could not, alone, render them affirmatively liable for claims asserted against Aleritas; (2) the loans were assignable in whole or in part by Aleritas without plaintiffs' consent, and plaintiffs did not allege that the banks assumed Aleritas' obligations or liabilities; and (3) plaintiffs failed to plead any facts whatsoever suggesting an agency relationship between Aleritas and any of the bank defendants.  The court concluded that plaintiffs' failure to state a plausible claim on a theory of agency or vicarious liability precluded them from asserting their fraud, RICO, and negligent misrepresentation claims against the bank defendants.

Plaintiffs' tortious interference claim against the banks was also dismissed for failure to allege facts sufficient to support a plausible claim.  The court found that the complaint failed to allege the existence, let alone the breach, of any contract; the facts alleged did not suggest that the banks acted maliciously or without justification in seeking to collect on plaintiffs' loans; and, aside from conclusory allegations, there was no allegation of damage.

Having dismissed the claims of negligent misrepresentation, vicarious liability and tortious interference with contract for failure to "state a claim to relief that is plausible on its face," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007), the court dismissed the banks as parties.  The court found however, that as to the fraud and RICO claims contained in the amended complaint, the absence of particulars prevented this court from determining their plausibility.   Based on plaintiffs' representations, the court found it possible that plaintiffs could plead facts that might cure the deficiencies in the complaint.  Accordingly, "as to plaintiffs' Count I (fraud, fraud in the inducement) and Count III (Civil RICO)," plaintiffs were permitted to seek leave to amend their complaint ,and the court granted plaintiffs 30 days from the date of the order within which to do so.

On September 1, plaintiffs filed the instant motion for leave to amend, and attached a proposed Second Amended Complaint.  (Docs. 75, 75-2.)

## II.     Proposed Amended Complaint

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending pleadings.  Generally, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  The decision is entrusted to this court's discretion.  *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 3008) (citing *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)).  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility

of amendment. *Id.*

In the proposed amended complaint, plaintiffs name Aleritas and the banks as defendants; expand the factual allegations as to the circumstances of the transactions in which plaintiffs purchased and/or financed their agency or agencies from the Brooke entities; assert causes of action for fraud, fraud in the inducement, breach of contract, negligent misrepresentation, aiding and abetting, and violations of § 1962(a), (b), (c), & (d); and seek declaratory judgment that the banks are not holders in due course of the loans.

Defendant Aleritas's response (Doc. 77) suggests that amendment would be futile because (1) plaintiffs fail to state a RICO cause of action against Aleritas; and (2) absent a federal claim, the court should not exercise supplemental jurisdiction.

The banks also submitted a Memorandum in Opposition to Plaintiffs' Motion for Leave to file a Second Amended Complaint, (Doc. 76), in which they note that plaintiffs did not seek reconsideration of any part of the court's August 12, 2009 Memorandum and Order dismissing the banks from the action and allowing plaintiffs to seek leave to replead only their RICO and common law fraud claims against defendant Aleritas. The banks assert that plaintiffs' attempt to amend previously rejected claims against previously-dismissed parties should be summarily denied.

The banks are correct. This court's order granted defendants' motions to dismiss, but permitted plaintiffs to seek leave to amend their complaint only as to the RICO and fraud claims asserted against Aleritas, because these claims had not been pleaded with the required particularity. Plaintiffs' proposed amended complaint adds new claims, and contains claims and parties previously dismissed pursuant to Federal Rule 12(b)(6). The proposed amendments are beyond those authorized in this court's August 12, 2009 Memorandum and Order.

**A.     New Claims**

Plaintiffs allege in their motion seeking leave to amend that the changes to the proposed amended complaint consist primarily of detailed pleading of the fraud claim; "clarifi[cation] of the joint venture and single-business enterprise relationship between Aleritas and other Brooke entities . . . under which Aleritas is subject to liability for the fraud, violations of all four sections of the Civil RICO statute, and breaches of contract by the other Brooke Entities with which it jointly engaged in this enterprise."  (Doc. 75, at 2–3.)  Plaintiffs acknowledge, by way of reply, that the proposed amended complaint "include[s] a few additional causes of action."  (Doc. 78, at 5.)

The court will not permit plaintiffs to raise new claims for the first time in this third complaint.  Leave to amend may be denied for untimeliness or undue delay without a showing of prejudice to the other party.  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); *see First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1137 (10th Cir. 1987) (same); *see also Koch v. Koch Indus.*, 127 F.R.D. 206, 211–12 (D. Kan. 1989) (same, and holding an amendment adding causes of action will be denied if sought in bad faith; finding of bad faith and denial of leave to amend may be warranted "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory.'") (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981).

The court denies plaintiffs' motion for leave to amend as to the breach of contract and aiding and abetting claims, and their request for declaratory judgment as to the banks.  These proposed amendments are outside the scope of this court's order permitting plaintiffs to seek leave to amend.  Combined with plaintiffs' delay and potential bad faith in bringing these new claims, and the undue prejudice which would result to defendants, the court denies the motion as to these new claims.

Should the deletion of these counts render some of the general allegations irrelevant, the court would expect those to also be deleted.

**B.      Claims and Parties Previously Dismissed**

Nor will the court permit plaintiffs to reinstate their original claims of negligent misrepresentation, vicarious liability, and tortious interference.  The court dismissed these claims pursuant to Federal Rule 12(b)(6), and dismissed the banks as parties, concluding that plaintiffs had no plausible claims against them.  Such dismissal operates as a final adjudication on the merits.  *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981).  For the reasons set out in detail in this court's order dated August 12, 2009, the motion to amend is denied to the extent plaintiffs seek to replead allegations previously rejected against parties previously dismissed from the case.

**C.      RICO Claims**

The primary issue before the court is whether plaintiffs' proposed amended complaint cures the deficiencies in its originally-pleaded RICO and fraud claims, and if so, whether amendment would be futile.  The court would note at the outset, however, that plaintiffs' proposed amended complaint raises additional allegations under RICO.  Where the original complaint alleged violations of §1962(a) and (d), the proposed Second Amended Complaint alleges violations of § 1962(a), (b), (c), and (d).  The court finds that plaintiffs' additional RICO claims do not represent a substantial departure from their previously represented intentions, and do not include more issues than could have been reasonably anticipated from the original complaint.   Therefore, they do not prejudice defendant.  The court declines to treat these as new claims, but rather as a clarification and natural expansion of the original claims.  The court will therefore evaluate whether the claims are pleaded with the requisite particularity, and whether amendment is appropriate.

**III.      Motion to Amend**

A.      **Particularity**

Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake.  Fed. R. Civ. P. 9(b); *Cayman Exploration Corp. v.*

*United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (holding that Rule 9(b) requires

RICO predicate acts based on fraud be pleaded with specificity to provide clear notice of the factual

basis of the predicate acts to defendants).

Under Rule 9(b), plaintiffs must allege with particularity not only each element of a RICO

violation but also the predicate acts of racketeering, which means specifying the "who, what, where,

and when" of *each* purported act.  *Phillips USA, Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1993

WL 191615, at *2 (D. Kan. May 21, 1993) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956

F.2d 982, 989 (10th Cir. 1992)).  As the court noted in its August 12, 2009 Memorandum and Order,

allegations of conspiracy must be pleaded with particularity as well.  "A complaint which merely

implies, with the conclusory allegation of a conspiracy, that a defendant is responsible for someone

else's fraudulent acts is insufficient."  *Farlow*, 956 F.2d at 988–90, n.11.  "Alleging a conspiracy to

violate RICO requires particularity for what can be best described analytically as two agreements:

one to a pattern of racketeering activity as defined by the statute, and another to the statutorily

proscribed conduct."  *Id.* (citing *Frymire v. Peat, Marwick, Mitchell & Co.*, 657 F. Supp. 889, 895,

896 (N.D. Ill. 1987)).

In support of their fraud and RICO claims, plaintiffs' proposed amended complaint sets out

the factual circumstances of each transaction in which they allege the Brooke entities, including

Aleritas, made fraudulent misrepresentations.  For each of these sixty-six transactions, the proposed

amended complaint identifies the individual or individuals representing the Brooke entities,

identifies the date and place the transaction was entered; and alleges the specific dollar amount

purchase price, required fees, and the amount financed by Aleritas.  For each of these transactions,

the proposed amended complaint also alleges other relevant information such as (1) the actual

revenue-generating ability of the agency or agencies; (2) misrepresentations regarding services, if

any, that the Brooke entities agreed to provide; (3) whether or not and to what extent those services

were received; (4) misrepresentations regarding income potential; (5) misrepresentations regarding

the value and income history of the agency or agencies in spreadsheets and "tabs" provided to

plaintiffs; (6) information known to the Brooke entities but not disclosed to the individual plaintiff

or plaintiffs; and (7) various other facts and alleged misrepresentations involved in each particular

transaction.  (Doc. 75-2, at 11–133.)

Plaintiffs' proposed amended complaint also details the "joint venture, single business

enterprise" engaged in by Brooke Capital and Aleritas, and alleges that each Brooke entity played a

key role in an agreed-upon plan to develop an income stream realized collectively and shared by all

of the Brooke entities.  (Doc. 75-2, at 133–35.)

In their proposed amended complaint, plaintiffs set out more than a general fraudulent

scheme.  The court finds that plaintiffs have set out "the circumstances constituting the fraud,

including such matters as the time, place, and content of the false representations, as well as the

identity of the person making the representation and what was obtained or given thereby,"

*Caldwell-Baker Co. v. Southern Illinois Railcar Co.*, 225 F. Supp. 2d 1243, 1265 n.15 (D. Kan.

2002) (citation omitted), in satisfaction of Rule 9(b). The court is satisfied that these Rule 9(b)

claimants know what their claims are.  *See Farlow*, 956 F.2d at 990 (quoting *In re Tesoro

Petroleum*, 467 F. Supp. 227, 250 (W.D. Tex. 1979) (*citing Segal v. Gordon*, 467 F.2d 602, 607–08

(2d Cir. 1972)).  Plaintiffs' proposed amended complaint contains factual allegations in support of

its common law fraud and RICO claims sufficient to give defendants notice of the specific conduct

alleged. *See NL Indus., Inc. v. Gulf & W. Indus., Inc.*, 650 F. Supp. 1115, 1129-30 (D. Kan. 1986).

**B.    Futility of Amendment**

A court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint—or non-futile amendment—must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555 (2007).  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).  In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiffs' complaint and views them in a light most favorable to plaintiffs. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

Defendant Aleritas argues, by way of response, that plaintiffs' proposed Second Amended Complaint should be denied as futile because it fails to state a RICO cause of action, and this court should not exercise supplemental jurisdiction over any remaining state law fraud claims. Specifically, Aleritas argues that plaintiffs' allegations do not state a reinvestment claim under § 1962(a); a single corporate family such as the Brooke entities does not constitute an "enterprise under § 1962(b) and (c); and the § 1962(d) conspiracy claim fails as a matter of law because there is no underlying RICO violation.

In a footnote, defendant Aleritas notes that a motion to dismiss based on the "insufficiencies

-10-

and inadequacies of Plaintiffs' . . .theories . . . would be lengthy and time consuming," but Aleritas "reserves its right to present all of its defenses by motion to dismiss or motion for judgment on the pleadings." (Doc. 77, at 2 n.3.)

This court does not doubt defendant's characterization of the burden such a motion would cause. However, finding that plaintiffs' proposed Second Amended Complaint has cured the Rule 9(b) deficiencies noted in this court's August 12, 2009 Memorandum and Order related to its Fraud, Fraud in the Inducement (Section VII, Subsection A) and civil RICO (Section VII, Subsection E) claims, the court is inclined to grant plaintiffs' motion to amend. The court believes that full briefing on the plausibility of plaintiffs' RICO claims would assist the court in determining whether or not they should be permitted to go forward. Therefore, the court declines to address the futility of amendment on the briefs before it, and will instead offer the parties a full opportunity to brief, by way of motion, response and reply, whether plaintiffs' pleading, once amended as set out in this order, is subject to dismissal.

## IV.    Conclusion

In its August 12, 2009 Memorandum and Order, this court expressed concern that plaintiffs may have been trying to do too much in one action. The court is aware that at least one of the banks named in plaintiffs' First Amended complaint and subsequently dismissed from the case has filed an action in this court seeking to enforce the loans it holds. *See Fifth Third Bank v. Canyon Crest Ins. Servs. et al.*, Case No. 09-2440-JWL/JPO. The defendants in that case, who are sixteen of the plaintiffs in this case, seek to dismiss the action alleging it is "completely subsumed" by the instant case. (Case No. 09-2440-JWL/JPO, Doc. 9, at 1.) The court is interested in avoiding confusion, unnecessary delay, or wasted resources of the parties or the court. And the court has the inherent authority to manage its cases and control its docket to accomplish that goal and ensure the just,

-11-

speedy, and inexpensive determination of this action.  Fed. R. Civ. P. R. 1.  The court advises the parties of what it believes to be the proper scope of this case in relation to other related cases, claims, and parties.

In this case, plaintiffs filed an action against a single defendant, Aleritas, alleging they were wronged by Aleritas.  The claims remaining against this defendant are claims of fraud, fraud in the inducement, and violations of RICO in relation to certain loan agreements plaintiffs entered into with defendant.  Should plaintiffs prevail on these claims, plaintiffs will be entitled to *money damages* against defendant Aleritas.  An invalidation of the loans, which is what plaintiffs appear to seek, is not the appropriate remedy in this situation.  Whether or not Aleritas commited fraud or violated RICO is the issue in this case.  Resolution of the instant case centers on the transactions between Aleritas and plaintiffs.

Plaintiffs are correct that it is the banks' burden to establish that they are holders in due course.  But not in this action.  In an enforcement action by the bank against them, plaintiffs may assert any affirmative defenses to which they are entitled, including the affirmative defense that the loans were induced by fraud and the banks are not holders in due course.  To the extent the resolution of such an action depends on a finding of fraud in this case, those actions might be stayed.  But the issues and evidence in those cases would be different than the issues and evidence in this case, centering on the transactions between Aleritas and bank, rather than between Aleritas and plaintiffs.

With this clarification, and reserving the ruling on futility of amendment pending full briefing on defendant's motion, plaintiffs' motion to amend is granted as set out above.  Plaintiffs will delete those portions of the proposed amended complaint that name previously dismissed parties, state new claims other than those under § 1962, or reassert claims previously dismissed

-12-

without leave to amend.  To the extent the deletion of these counts render some of the general allegations irrelevant, the court would expect those would also be deleted.  Plaintiffs have fourteen days from the date of this order within which to file their Second Amended Complaint as modified by this order.

**IT IS THEREFORE ORDERED** that the court grants in part and denies in part Plaintiffs' Motion For Leave to File Second Amended Complaint and Memorandum in Support (Doc. 75), as set out in this Memorandum and Order.  Specifically, the court denies plaintiffs' motion for leave to amend as to previously dismissed parties, new claims, and previously dismissed claims.  As to other amendments proposed by the second amended complaint, the court grants plaintiffs' motion.

**IT IS FURTHER ORDERED** that plaintiffs have fourteen days from the date of this order to file their Second Amended Complaint after making the necessary changes so ordered herein, after which time this court will take up any motions filed by defendant in accord with the federal and local rules.

Dated this 1st day of October 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**